670        July 22, 2026        No. 695

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Heather Lynn BOERSMA,
*Plaintiff-Appellant,*

*v.*

TRUAX CORPORATION,
*Defendant-Respondent.*

Marion County Circuit Court
23CV11118; A186211

Sean E. Armstrong, Judge.

Argued and submitted June 3, 2026.

Heather Boersma argued the cause and filed the briefs *pro se*.

Amanda Bryan argued the cause for respondent. Also on the brief were Bradley J. Krupicka and O'Hagan Meyer, PLLC.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Plaintiff brought this action against her former employer, Truax Corporation, alleging wrongful termination and related claims arising out of events occurring in March 2023. Plaintiff contends that she was terminated in retaliation for workplace complaints and reports concerning safety conditions and alleged OSHA-related complaints. Defendant maintained that plaintiff was not terminated but was placed on suspension pending investigation and thereafter voluntarily chose not to return to work.

The litigation involved extensive motion practice, including two motions for summary judgment, multiple discovery disputes, motions to compel, motions for sanctions, and motions relating to amendment of the complaint. The trial court denied defendant's first motion for summary judgment after concluding that a factual dispute existed concerning whether plaintiff had been terminated. Following additional discovery, defendant filed a second motion for summary judgment. The trial court granted that motion, concluding that plaintiff had failed to produce admissible evidence creating a genuine issue of material fact that she had been terminated. The court entered a general judgment in defendant's favor on November 26, 2024, and later entered a supplemental judgment awarding attorney fees and costs. Plaintiff appeals the general judgment and challenges various procedural rulings made during the litigation. We affirm.

## I.   BACKGROUND

The facts in this case are largely procedural and set forth below.

Plaintiff filed this action on March 15, 2023. The complaint alleged wrongful termination and sought damages arising from the end of her employment.

The parties engaged in substantial discovery. Plaintiff sought numerous categories of documents, surveillance videos, employee records, and contact information for current and former employees. Plaintiff also asserted that certain video recordings demonstrated that management

attempted to terminate her on March 3, 2023, but altered course when she disputed the factual basis for the accusation and threatened legal action. Plaintiff further maintained that video evidence undermined defendant's version of events concerning both an alleged marijuana incident and the subsequent disciplinary process.

Defendant first moved for summary judgment in 2023. At the October 4, 2023, hearing, the trial court concluded that a genuine factual dispute existed regarding whether plaintiff had been terminated. The court stated:

> "So there's enough to deny the summary judgment motion because it is, candidly, absolutely a question of fact about whether you were terminated."

During the same hearing, the court questioned defense counsel regarding plaintiff's employment status:

> "Ms. McLain, is she still suspended and not terminated?"

Counsel responded that plaintiff remained suspended. The court subsequently denied the first summary judgment motion.

Following that ruling, the court allowed plaintiff to seek leave to amend her complaint. Plaintiff thereafter filed motions seeking leave to amend and related relief. Defendant objected to portions of the proposed amendments.

The record reflects continued disputes regarding discovery and pending motions throughout 2024. On March 25, 2024, the trial court entered an order addressing plaintiff's motion to compel and other procedural matters. Discovery disputes continued through the summer of 2024. On August 5, 2024, the court entered an order resolving additional motions, including motions relating to discovery and sanctions. During the August 5 proceedings, the court orally granted plaintiff leave to amend her complaint.

Meanwhile, defendant filed a second motion for summary judgment on July 8, 2024. Defendant argued that discovery had produced no admissible evidence showing that plaintiff had been terminated and that plaintiff's own testimony established only that she had been suspended and later chose not to return to work. Defendant

relied on management declarations and plaintiff's deposition testimony.

Plaintiff opposed the motion, relying on her declarations, prior hearing testimony, video exhibits, witness statements, and documentary evidence. At the October 29, 2024, hearing on defendant's second motion for summary judgment, the trial court confirmed that discovery had been completed and that plaintiff had received the materials necessary to respond to the motion.

On November 7, 2024, the trial court issued a written opinion and order granting defendant's second motion for summary judgment. The court concluded that plaintiff had failed to present admissible evidence creating a genuine issue of material fact that she had been terminated and that defendant was entitled to judgment as a matter of law on plaintiff's wrongful-termination claim. A general judgment was entered on November 26, 2024. The court subsequently entered a supplemental judgment on February 21, 2025, awarding attorney fees and costs to defendant.

We turn now to plaintiff's four assignments of error.

## II.   DISCUSSION

*Granting Summary Judgment.* In her first assignment of error, plaintiff asserts that the trial court erred in granting summary judgment on appellant's wrongful-termination claim on the grounds that she presented no admissible evidence that she was terminated and that the undisputed evidence showed that she voluntarily stopped reporting to work. Plaintiff opposed summary judgment, filed declarations and exhibits, and argued that genuine issues of material fact existed regarding whether she had been terminated. Defendant concedes preservation.

We review the grant of summary judgment for legal error. ORCP 47 C. Summary judgment is appropriate when, viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party, the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter

of law." ORCP 47 C; *Jones v. General Motors Corp.*, 325 Or 404, 939 P2d 608 (1997).

Plaintiff contends that the trial court improperly resolved disputed facts concerning whether she was terminated and improperly weighed credibility. Plaintiff points to disciplinary records, witness testimony, video evidence, text messages, and declarations that she contends support an inference that she was discharged. Defendant responds that plaintiff's own deposition testimony established that she was suspended pending investigation, refused to take a drug test, and thereafter voluntarily ceased reporting to work. Defendant further relies on management declarations and employment records indicating that plaintiff was never terminated.

Plaintiff also argues that the trial court failed to consider expert-related submissions under ORCP 47 E. Defendant correctly notes that ORCP 47 E requires an affidavit by "the party's attorney" and that a self-represented litigant may not utilize that procedure. *Due-Donohue v. Beal*, 191 Or App 98, 102-03, 81 P3d 784 (2003). Thus, plaintiff's reliance on ORCP 47 E does not independently create a triable issue of fact.

The dispositive issue is whether plaintiff produced admissible evidence sufficient to create a genuine dispute regarding the essential element of discharge. A wrongful-discharge claim requires proof that the employee was discharged. *Thorson v. Dept. of Justice*, 171 Or App 704, 709, 15 P3d 1005 (2000). Although plaintiff identifies numerous factual disputes concerning the events leading to the end of her employment, defendant points to specific deposition testimony and corroborating declarations establishing that plaintiff voluntarily ceased employment rather than being terminated, and plaintiff did not produce contrary evidence on that issue.

The trial court ultimately concluded that plaintiff had failed to produce admissible evidence creating a genuine issue of material fact regarding termination. We agree. Plaintiff's evidence largely challenges the credibility of defendant's explanation and the adequacy of defendant's

investigation, but it does not identify admissible evidence sufficient to create a triable dispute regarding the threshold element of discharge. Because discharge is an essential element of plaintiff's wrongful-termination claim, the trial court did not err in granting summary judgment. We therefore affirm the decision of the court below.

*Constitutional Right to Trial.* Next, we consider plaintiff's assertion that the trial court's entry of summary judgment violated her constitutional right to a trial under Article I, section 17, of the Oregon Constitution. Even assuming preservation, plaintiff's argument rises or falls with the propriety of the summary judgment ruling. Whether a party has been denied the constitutional right to a jury trial presents a question of law.

The dispositive question of law is whether the right to a jury trial precludes the entry of summary judgment when no genuine issue of material fact exists. Plaintiff places great emphasis on the denial of defendant's first motion for summary judgment and acknowledgment of her right to proceed before a jury. She points out that only later did the trial court cancel the scheduled jury trial after granting the second summary judgment motion. Defendant responds that there was no separate ruling denying a jury trial and that cancellation of the trial date merely followed the court's disposition of all claims through summary judgment.

The right to a jury trial does not preclude the entry of summary judgment when no genuine issue of material fact exists. ORCP 47 C; *Jones*, 325 Or at 420. Here, because the trial court properly granted summary judgment, no claims remained for jury determination. Plaintiff identifies no separate order denying a jury demand or otherwise impairing her Article I, section 17, rights independent of the summary judgment ruling. Accordingly, we reject plaintiff's second assignment of error.

*Failure to Rule on Motions and Failure to Hold a Hearing.* The remaining assignments of error concern plaintiff's contention that the trial court failed to rule on several motions, including her motion for leave to amend the complaint, and failed to schedule hearings on later-filed

discovery and sanctions motions. The record does not support either contention.

Plaintiff argues that the trial court never ruled on her October 2023 motion for leave to amend the complaint and that the absence of a formal ruling deprived her of the opportunity to pursue additional theories of recovery. The difficulty with that argument is that the August 5, 2024, hearing demonstrates that both the court and the parties understood the amendment issue to have been resolved.

During that hearing, the court located the proposed amended complaint that plaintiff had submitted with her earlier motion. After reviewing the filing, the court asked defense counsel whether there was any objection to the proposed amendment. Counsel responded that there was not. The court then stated, "Okay. So, you can file that, Ms. Boersma, and we'll proceed as though that was filed." Although the court did not subsequently enter a separate written order expressly granting leave to amend, its oral ruling left little doubt that it intended the litigation to proceed based on the proposed amended pleading.

Equally significant is what occurred at the conclusion of the same hearing. After establishing additional discovery deadlines and a schedule for supplemental summary-judgment submissions, the court asked plaintiff directly whether any motions remained unresolved:

> "I think that takes care of all of your outstanding motions, but I'm not sure. Is there anything else that you think you filed a motion about that the Court has not ruled on?"

Plaintiff responded:

> "No, Your Honor."

That exchange substantially undermines plaintiff's present contention that the court failed to rule on pending motions. The exchange undermines plaintiff's contention because the court expressly invited plaintiff to identify any unresolved matters. Plaintiff did not do so. Instead of identifying unresolved matters, she affirmatively represented that no outstanding motions remained. On this record, plaintiff

cannot persuasively maintain that the trial court ignored her motion to amend or failed to address other pending requests for relief.

The same reasoning largely disposes of plaintiff's arguments concerning her discovery-related motions. The record reflects that the court entered orders addressing discovery disputes on March 25, 2024, and August 5, 2024. Whether plaintiff agreed with those rulings is a different question. But disagreement with a ruling is not equivalent to a failure to rule. The record demonstrates that the court considered and resolved the discovery disputes before entry of judgment.

Nor does plaintiff establish prejudice arising from any uncertainty surrounding the amendment issue. After the August 5 hearing, the court established a schedule permitting additional discovery and authorized plaintiff to supplement her summary-judgment materials through September 6, 2024. The court therefore afforded plaintiff an opportunity to submit additional evidence and argument before its ruling on summary judgment. Plaintiff does not identify any specific claim that was excluded from consideration because of the absence of a separate written order granting leave to amend, nor does she explain how the proceedings would have unfolded differently had such an order been entered.

Plaintiff's challenge to the court's alleged failure to schedule additional hearings fares no better. By October 2024, the court had already entered multiple discovery orders and had supervised extensive discovery proceedings. Respondent points to portions of the October 29, 2024, hearing reflecting plaintiff's acknowledgment that she had received the discovery materials she previously sought. More importantly, plaintiff identifies no rule requiring the trial court to convene a separate hearing on every discovery or sanctions motion, particularly where the court reasonably could conclude that the issues had become moot or had already been addressed through prior rulings.

Ultimately, the record demonstrates active judicial management of the case rather than judicial inaction. The

court conducted multiple hearings, entered written discovery orders, established supplemental briefing schedules, addressed plaintiff's proposed amended complaint, and confirmed on the record that no unresolved motions remained. Under those circumstances, plaintiff has not demonstrated that the trial court failed to rule on pending motions or abused its discretion by declining to schedule additional hearings.

## III.   CONCLUSION

Plaintiff's first and second assignments of error challenge the propriety of summary judgment and the resulting cancellation of a jury trial. The record supports the trial court's conclusion that plaintiff failed to produce admissible evidence creating a genuine issue of material fact regarding the essential element of discharge. Because summary judgment was properly granted, plaintiff's derivative jury-trial claim also fails.

Plaintiff's third and fourth assignments of error are not supported by the record. The trial court ruled on the motions plaintiff identifies as unresolved, including the motion for leave to amend, the discovery motions, and the sanctions-related requests. The court likewise did not abuse its discretion in declining to conduct a separate hearing on a sanctions motion after the underlying discovery dispute had been resolved.

Affirmed.